# STATE OF OREGON,
*Respondent,*

*v.*

# JEFFREY KENT WRIGHT,
*Appellant.*

(89NB0014; CA A60450)

784 P2d 445

Nick Nylander, North Bend, argued the cause and filed the brief for appellant.

Wendy J. Paris, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This case arose out of the arrest of defendant's brother during a disturbance at a North Bend tavern. Defendant was not involved in the disturbance until an officer had taken his brother away. At that point, defendant approached another officer, Wheeler, and protested. Wheeler testified that defendant became belligerent and struck him in the chest. Defendant testified that he did not strike Wheeler, but merely gestured at him. Wheeler then attempted to place him under arrest. When he resisted, a struggle ensued. Defendant claims that he did not direct force against Wheeler, but merely used his strength to make it difficult for Wheeler to handcuff him. Wheeler grabbed his right arm and another officer, King, grabbed his left arm. In an attempt to wrestle him to the ground, the officers lifted defendant's arms back toward his head. Eventually, he fell to the ground and was placed under arrest.

On the way to jail, defendant complained that the officers had injured his right arm, and he was taken to the hospital. He was examined by Dr. Bernstein, who testified that defendant had suffered a dislocated shoulder and extensive nerve and muscle damage during the arrest. Bernstein said that such an injury could only be caused by excessive force in pulling the arm back above the head.

Defendant was charged with assaulting a public safety officer, by striking officer Wheeler, and resisting arrest. At trial, he denied assaulting the officer and argued that his resistance was justified, because the arrest was made with excessive force. On the resisting arrest charge, defendant submitted jury instructions that were based on the holding in *State v. Crane,* 46 Or App 547, 533, 612 P2d 735, *rev den* 289 Or 903 (1980):

> "I instruct you that under Oregon law, any person has the right to resist an arrest, even if the arrest is lawful, if that arrest is made with excessive force."

The court refused to give the instruction and, instead, instructed the jury on the different and separate defense of

self-defense.[1] Defendant pointed out that self-defense was not the theory of his defense. In fact, the words "self-defense" were never used by either the prosecution or the defense during the entire course of the trial.

Defendant was acquitted of assault but was convicted of resisting arrest. He assigns as error the trial court's refusal to give the quoted jury instruction. The state concedes that there was evidence that Wheeler used excessive force but argues that the court did not err, because the instructions actually given adequately informed the jury of his defense. We disagree.

■ As we recognized in *State v. Crane, supra,* a person may resist an arrest if it is being made with excessive force. At issue is whether the officer's belief concerning the necessity of force and the amount of force required to make an arrest was reasonable. If the jury finds that the officer's conduct was not reasonable, that is, that he used excessive force in making the arrest, the defendant's resistance is justified.

■ On the other hand, the defense of self-defense, as set out in ORS 161.209, provides that a person may use a reasonable degree of physical force to defend against what he reasonably believes to be the use or imminent use of unlawful force. That defense put a greater burden on defendant in that it required him to show that the force used *by* him in resisting was reasonable. Unlike the defense recognized in *Crane,* the focus of that inquiry is on the defendant's conduct, not the officer's.[2]

---

[1] The trial court instructed:

"The defendant has raised the defense of self-defense to the charge of resisting arrest, and in that regard, a police officer is justified in using physical force upon a person being arrested when and to the extent that he reasonably believes it necessary to make an arrest. If a person physically resists an arresting officer, the officer is authorized to use reasonable force necessary to overcome the resistance. If, however, the officer uses unreasonable force to arrest a person who is offering no resistance, that person is entitled to defend himself according to the following rules. A person is justified in using physical force upon another person to defend himself from what he reasonably believes to be the use or imminent use of unlawful physical force. In defending, a person may only use that degree of force which he reasonably believes to be necessary. The burden of proof is on the prosecution to prove beyond a reasonable doubt that the defendant did not act in self-defense."

[2] As a practical matter, a defendant who uses unnecessary and unreasonable force in resisting arrest would presumably be charged with a more severe crime, such as assaulting a public safety officer. ORS 163.208; *see, e.g., State v. Burger,* 55 Or App 712, 639 P2d 706 (1982); *State v. Castle,* 48 Or App 15, 616 P2d 510 (1980).

As the state concedes, there was evidence that Wheeler used excessive force. Accordingly, the trial court's refusal to give the jury the requested instruction was reversible error. Defendant was entitled to have the jury instructed on his actual defense at trial, not some other defense.

Reversed and remanded for a new trial.