Argued and submitted July 9, the decision of the Court of Appeals reversed and the judgment of the district court affirmed October 25, 1990

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## JEFFREY KENT WRIGHT,
*Respondent on Review.*

## (TC 89NB0014; CA A60450; SC S36960)

799 P2d 642

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Nick Nylander, North Bend, argued the cause for respondent on review.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

We allowed the state's petition for review of this case to consider whether and to what extent a person being arrested has justification to oppose the use of excessive force by a peace officer in accomplishing the arrest. We hold that, if a peace officer uses excessive force in making an arrest, the arrestee may use only such physical force as is reasonably necessary under the circumstances to defend himself or herself against the excessive force being using against him or her.

Defendant was charged with assaulting a public safety officer, ORS 163.208, and resisting arrest, ORS 162.315(1).[1] He argued at trial that his resistance to the arrest was justifiable, because it was required when the officers used excessive force in arresting him.[2] Defendant requested that the jury be instructed:

> "I instruct you that under Oregon law, any person has the right to resist an arrest, even if the arrest is lawful, if that arrest is made with excessive force."

The trial court refused to give that instruction and instead gave an instruction on self-defense. Defendant was convicted of resisting arrest and acquitted of assault.

Defendant contended on appeal that the trial court erred in refusing to give his requested jury instruction.[3] He argued, as he had at trial, that his resistance to the arrest was justifiable, because it was required when the officers used excessive force in arresting him.[4] The state concedes on appeal that defendant presented evidence at trial from which the jury

---

[1] The alleged assault took place before the officers attempted to arrest defendant.

[2] ORS 161.195(1) provides in part:

"Unless inconsistent with other provisions of chapter 743, Oregon Laws 1971, defining justifiable use of physical force, or with some other provision of law, conduct which would otherwise constitute an offense is justifiable and not criminal when it is required or authorized by law * * *."

[3] This case presents a question of statutory construction only; defendant has not raised any constitutional issues.

[4] Insofar as we can determine, the record does not disclose the reason why the trial court rejected defendant's requested instruction. The state argued in the Court of Appeals that the trial court did not err, because the instructions given adequately informed the jury of defendant's theory of the defense. The Court of Appeals rejected that argument. *State v. Wright,* 100 Or App 22, 25, 784 P2d 445 (1989). We need not address the state's argument, because, for the reasons stated in this opinion, we conclude that the trial court did not err in not giving the requested instruction.

could have found that the arresting officers used excessive force in arresting defendant. The Court of Appeals reversed the trial court, explaining:

> "As we recognized in *State v. Crane,* [46 Or App 547, 612 P2d 735, *rev den* 289 Or 903 (1980)], a person may resist an arrest if it is being made with excessive force. At issue is whether the officer's belief concerning the necessity of force and the amount of force required to make an arrest was reasonable. If the jury finds that the officer's conduct was not reasonable, that is, that he used excessive force in making the arrest, the defendant's resistance is justified.

> "On the other hand, the defense of self-defense, as set out in ORS 161.209, provides that a person may use a reasonable degree of physical force to defend against what he reasonably believes to be the use or imminent use of unlawful force. That defense put a greater burden on defendant in that it required him to show that the force used *by* him in resisting was reasonable. Unlike the defense recognized in *Crane,* the focus of that inquiry is on the defendant's conduct, not the officer's.

> "As the state concedes, there was evidence that [the arresting officer] used excessive force. Accordingly, the trial court's refusal to give the jury the requested instruction was reversible error. Defendant was entitled to have the jury instructed on his actual defense at trial, not some other defense." *State v. Wright,* 100 Or App 22, 25, 784 P2d 445 (1989). (Emphasis in original; footnote omitted.)

We disagree with that analysis.

ORS 162.315(1) provides:

> "A person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer in making an arrest."

A person may not lawfully resist arrest, even if the arresting officer lacked the legal authority to make the arrest, provided that the officer was acting under color of official authority. ORS 162.315(3);[5] ORS 161.260.[6] The remedy for unlawful

---

[5] ORS 162.315(3) provides:

"It is no defense to a prosecution under this section that the peace officer lacked legal authority to make the arrest, provided the peace officer was acting under color of official authority."

The Criminal Law Revision Commission's Commentary to ORS 162.315(3)

arrest is an action in tort, not resistance to the arrest.

■     The fact that a peace officer has the legal power to arrest a person, however, does not mean that the officer may use excessive force in accomplishing the arrest. Generally, a peace officer is justified in using physical force upon another person only when and to the extent that the peace officer reasonably believes it necessary:

> "(1)   To make an arrest or to prevent the escape from custody of an arrested person unless the peace officer knows that the arrest is unlawful; or

> "(2)   For self-defense or to defend a third person from what the peace office reasonably believes to be the use or imminent use of physical force while making or attempting to make an arrest or while preventing or attempting to prevent an escape." ORS 161.235.

Stated differently, an officer may not use excessive force in accomplishing an arrest.[7]

■     The first question, therefore, is: what rights does an arrestee have when an officer uses excessive force in making an arrest? In answering this question, it is crucial to distinguish between (1) the use of physical force in resisting arrest and (2) the use of physical force in defending oneself, *i.e.,* self-defense, against excessive force being used by the arresting officer. The former is unlawful. Depending on the

---

states:

> "The Commission rejects self-help as a desirable means of challenging arrests made under color of law. Resistance demands an escalation of force by the peace officer. Civil disorder and disrespect for the law is thereby threatened. Two important, and sometimes conflicting, interests must be balanced; the individual's right to bodily security measured against the threat to society posed by violent street confrontations between private citizens and police. The Commission favors recourse by the aggrieved citizen to traditional tort remedies, which today have been greatly liberalized in favor of the individual citizen." Commentary to Proposed Oregon Criminal Code, § 206(3), at 204-05 (1970).

[6] ORS 161.260 provides:

> "A person may not use physical force to resist an arrest by a peace officer who is known or reasonably appears to be a peace officer, whether the arrest is lawful or unlawful."

[7] ORS 161.235 does not state what the remedy for a violation of that statute by an officer might be. The statute clearly does *not* state that a violation by an officer establishes a defense to a charge of assault or resisting arrest as a matter of law.

circumstances, the latter may be justifiable and not criminal.

■  ORS 161.205 provides in part:

"The use of physical force upon another person that would otherwise constitute an offense is justifiable and not criminal under any of the following circumstances:

"* * * * *

"(5)  A person may use physical force upon another person in self-defense * * *."

If a peace officer uses excessive force in making an arrest, the arrestee has a right to use physical force in self-defense against the excessive force being used by the officer. *See* Commentary to Proposed Oregon Criminal Code §§ 21-22, at 21-25 (1970).[8] In that circumstance, the arrestee is not "resisting arrest," but, rather, is defending against the excessive force being used by the arresting officer. As noted, the state concedes that defendant presented evidence at trial that the arresting officers here used excessive force. Defendant, therefore, had a right to use physical force to defend himself against that excessive force. ORS 161.205(5).

■  The second question is the scope of that right: to what extent may an arrestee use physical force in self-defense against excessive force being used by an arresting officer? Defendant argues that a person has an unqualified right to resist an arrest, even if the arrest is lawful,[9] if that arrest is being made with excessive force. He further argues that, when a person is justified in using physical force because an arrest is being made with excessive force, that person cannot be limited to a reasonable response to the excessive force and, therefore, is not guilty of resisting arrest. For the reasons that follow, we find those arguments unpersuasive.

ORS 161.209 provides in part:

---

[8] *See also* Annot., *Right to Resist Excessive Force Used in Accomplishing Lawful Arrest*, 77 ALR 3d 281 (1977 & Supp 1990).

[9] Defendant does not argue that his arrest was unlawful, but only that it was made with excessive force.

"Except as provided in ORS 161.215[10] and 161.219,[11] a person is justified in using physical force upon another person for self-defense * * * and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."

In *State v. Rader,* 94 Or 432, 458, 186 P 79 (1919), this court stated:

"It is essential that the [self-defense] must not be excessive or disproportionate to the force involved in the attack upon the defendant, all to be judged by the jury from the standpoint of a reasonable man in the situation of the defendant at the time, under all the circumstances surrounding him."

Although our opinion in *Rader* predated the 1971 Criminal Code, the Code employs the same principle. We conclude that, if an officer making an arrest uses excessive force, the permissible use of physical force by the arrestee is limited to the use of such force as is reasonably necessary under the circumstances for self-defense against the excessive force being used by the arresting officer.[12]

---

[10] ORS 161.215 provides:

"Notwithstanding ORS 161.209, a person is not justified in using physical force upon another person if:

"(1) With intent to cause physical injury or death to another person, the person provokes the use of unlawful physical force by that person; or

"(2) The person is the initial aggressor, except that the use of physical force upon another person under such circumstances is justifiable if the person withdraws from the encounter and effectively communicates to the other person the intent to do so, but the latter nevertheless continues or threatens to continue the use of unlawful physical force; or

"(3) The physical force involved is the product of a combat by agreement not specifically authorized by law."

[11] ORS 161.219 provides:

"Notwithstanding the provisions of ORS 161.209, a person is not justified in using deadly force upon another person unless the person reasonably believes that the other person is:

"(1) Committing or attempting to commit a felony involving the use or threatened imminent use of physical force against a person; or

"(2) Committing or attempting to commit a burglary in a dwelling; or

"(3) Using or about to use unlawful deadly physical force against a person."

[12] ORS 161.260 is, in substance, the same as New York Revised Penal Law § 35.27 (1968 Amendment). Commentary to Proposed Oregon Criminal Code § 32, at 31 (1970). The result under that statute is the same as the result we have reached here. *People v. Sanza,* 37 AD2d 632, 323 NYS2d 632, 633-34 (1971) (where the evidence adduced at the trial permits the inference that the defendant was the victim of excessive physical force to effectuate an arrest, the defendant is entitled to a jury instruction that reasonable acts of self-defense are justifiable).

■        Defendant's only assignment of error is that the trial court erred in refusing to give his requested jury instruction. That instruction, however, was not a correct statement of the law, because it failed to state that an arrestee's right to use physical force in self-defense must be reasonable under the circumstances. ORS 161.209. The trial court, therefore, did not err in refusing to give the requested instruction.[13] *State v. Neves,* 246 Or 55, 56, 423 P2d 773 (1967).

The decision of the Court of Appeals is reversed. The judgment of the district court is affirmed.

---

[13] *State v. Crane,* 46 Or App 547, 612 P2d 735, *rev den* 298 Or 903 (1980), is disapproved to the extent that it is inconsistent with this opinion.