Argued and submitted May 4, decision of Court of Appeals reversed in part and affirmed in part, judgment of the district court vacated in part; otherwise affirmed and case remanded to district court for resentencing June 5, 1992

STATE OF OREGON,
*Respondent on Review,*

*v.*

PAUL ANTHONY McVAY,
*Petitioner on Review.*

(DC 90-5501; CA A67951; SC S38892)

833 P2d 297

Louis R. Miles, Deputy Public Defender, Salem, argued the cause and filed the petition for petitioner on review. With

him on the petition was Sally L. Avera, Public Defender, Salem.

Rives Kistler, Assistant Attorney General, Salem, argued the cause and filed the response for respondent on review. With him on the response were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GRABER, J.

## GRABER, J.

In this criminal case, defendant was convicted of escape in the third degree after a trial to the court on stipulated facts.[1] He moved for a judgment of acquittal of that charge; the trial court denied the motion. The Court of Appeals affirmed without opinion on defendant's appeal. *State v. McVay*, 110 Or App 635, 823 P2d 457 (1992). We reverse the conviction for escape in the third degree.

We summarize the relevant stipulated facts. Tillamook County police officers cited defendant for the violation of being a minor in possession of alcohol. ORS 471.430.[2] When the officers tried to take defendant to a detoxification center, he pulled away and ran. The officers caught him and told him that he was now under arrest for escape in the third degree, but he continued to resist. Defendant was convicted of escape in the third degree. ORS 162.145.

■ ORS 162.145 provides in relevant part that "[a] person commits the crime of escape in the third degree if the person escapes from custody." ORS 162.135(4) defines "custody" to mean restraint "pursuant to an arrest or court order." The officers had no court order, so the question is whether defendant was under arrest when he pulled away and ran.

As the state concedes, police officers are not authorized to *arrest* persons for violations committed in their presence. ORS 133.310(1)(i).[3] Instead, officers are authorized to

---

[1] Defendant was also convicted of several other offenses. On appeal to the Court of Appeals and on review here, he challenges only his conviction of escape in the third degree.

[2] ORS 471.430 provides in part:

"(1) No person under the age of 21 years shall attempt to purchase, purchase or acquire alcoholic liquor. * * *

"* * * * *

"(4) Any person who violates subsection (1) or (3) of this section commits a violation punishable by a fine of not more than $250."

[3] ORS 133.310(1)(i) provides:

"A peace officer may arrest a person without a warrant if the officer has probable cause to believe that the person has committed any of the following:

"* * * * *

"(i) Any other offense in the officer's presence *except* traffic infractions as defined in ORS 153.505 and *violations as defined in ORS 161.565*." (Emphasis added.)

issue citations for violations. ORS 133.072.[4] The offense for which the officers cited defendant, minor in possession of alcohol, is a violation. ORS 161.565(1); ORS 471.430. The officers were not authorized to — and, indeed, did not purport to — arrest defendant for that violation. Defendant was not in "custody" under ORS 162.135(4), because he was not "restrain[ed] * * * pursuant to an arrest."

The state also concedes, and we agree, that defendant was not in "custody" within the meaning of ORS 162.135(4) when the officers tried to take him to a detoxification center. Again, we note that the officers did not purport to arrest defendant to take him to a detoxification center. In holding him for that purpose, the officers were simply exercising their authority to take defendant to a treatment facility, not attempting to arrest him for a crime. *See* ORS 426.460(1) ("Any person who is intoxicated * * * in a public place may be taken * * * to a treatment facility by the police. * * * [I]f the person is incapacitated, the health of the person appears to be in immediate danger, or the police have reasonable cause to believe the person is dangerous to self or to any other person, the person shall be taken by the police to an appropriate treatment facility."); *State v. Okeke*, 304 Or 367, 370-71, 745

---

ORS 161.565(1) provides:

"An offense is a violation if:

"(a) The offense is so designated in the statute defining the offense;

"(b) The statute prescribing the penalty for the offense provides that the offense is punishable only by a fine, forfeiture, fine and forfeiture or other civil penalty; or

"(c) The offense is declared to be a violation for purposes of the particular case, as provided in subsection (2) of this section."

ORS 471.430, quoted in part in note 2, *ante*, designates the offense as a violation and punishes the offense only by a fine.

[4] ORS 133.072 provides:

"(1) When a person has committed a violation as defined in ORS 161.565 in the presence of a peace officer, the officer may issue and serve a citation to the person as provided in ORS 133.055 and 133.065.

"(2) The peace officer may stop and detain a person for a violation offense for the purposes of investigation reasonably related to the violation offense, identification of the person and issuance of a citation to the person.

"(3) A peace officer may detain a person pursuant to this section only for such time as it is reasonably necessary to investigate and verify the person's identity."

P2d 418 (1987) (seizure of person held to be taken to detoxification center was not arrest); *State v. Newman*, 292 Or 216, 219, 637 P2d 143 (1981) (police put the defendant in "civil hold," rather than under arrest, when detaining her to take her to a detoxification center), *cert den* 457 US 1111 (1982).

Because defendant was not in custody as defined by ORS 162.135(4), and custody is a required element of the crime of escape in the third degree, ORS 162.145, defendant did not commit the crime of escape in the third degree when he pulled away and ran.

██ The state now contends that a "second factual basis [exists] for finding defendant guilty of third-degree escape." Specifically, it argues that defendant committed escape in the third degree when the officers told him that they were arresting him for that crime and he tried to break free. We are not persuaded. "It is a defense to a prosecution under [ORS 162.145] that the person escaping or attempting to escape was in custody pursuant to an illegal arrest." ORS 162.145(2). As discussed above, defendant had not committed the crime of escape in the third degree when he ran away initially, so he was not lawfully arrested for escape in the third degree. Consequently, the defense contained in ORS 162.145(2) applies.[5]

The decision of the Court of Appeals is reversed in part and affirmed in part. The judgment of the district court convicting defendant of escape in the third degree is vacated; the remaining convictions are affirmed. The case is remanded to the district court for resentencing.

---

[5] Defendant was also convicted of resisting arrest. ORS 162.315. It is no defense to a prosecution for that crime that the officers lacked legal authority to make the arrest, provided that they were acting under color of official authority. ORS 162.315(3). *See also State v. Wright*, 310 Or 430, 799 P2d 642 (1990) (stating proposition contained in ORS 162.315(3)). As mentioned in note 1, *ante*, defendant does not challenge his conviction for resisting arrest.