## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT ANGEL HARO,
*Appellant.*

(91CR0071TM; CA A70300)

843 P2d 966

Eric R. Johansen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

### De MUNIZ, J.

Defendant appeals his conviction for assault in the first degree. ORS 163.185. He contends that the trial court's instruction on self-defense was erroneous. We affirm.

Short learned that his former girlfriend, Keller, was with defendant at defendant's apartment. It was late at night. Defendant and Keller were inside the apartment naked. Defendant heard a knock at the door. He responded that the party was over and said, "Go away." The knocking persisted. Keller ran to the bathroom, and defendant went to the door and opened it.

Short testified that defendant let him in the apartment and that he immediately went into the bathroom to see Keller. While in the bathroom, he said he should "kick [defendant's] ass." Short left the bathroom, walked into the living room and looked at defendant. Defendant shot him.

Defendant testified that Short told him that he wanted to talk to Keller and that, if defendant did not open the door, he would break it down. Defendant said, "[W]hat if I don't open it." Short responded that he would "kick [defendant's] ass." Defendant turned away from the door to put his pants on. Short entered without permission and went into the bathroom.

While in the bathroom, Short was screaming and yelling, and defendant heard him say, "I am going to kick his ass." When Short came out of the bathroom, he looked upset. Defendant grabbed a gun and cocked it. Short approached defendant quickly, continuing to yell that he was going to "kick [defendant's] ass." Short had his fists clenched and his arm drawn back. Although defendant raised the gun, Short kept coming at him. When Short continued to approach, defendant shot him.

Defendant contended that he shot in self-defense. The court instructed the jury:

> "In this case the defense of self-defense has been raised. A person is justified in using physical force upon another person to defend himself on what he reasonably believes to be the use or imminent use of unlawful physical force. In so

defending, a person may only use that degree of force which he reasonably believes to be necessary.

"The burden of proof is on the State to prove beyond a reasonable doubt that the Defendant did not act in self-defense.

"With regard to the self-defense of a person, I have certain limitations on the use of deadly physical force. The Defendant is not justified in using deadly physical force on another person unless the Defendant reasonably believed that the other person was, one, committing or attempting to commit a felony involving the use or threatened imminent use of physical force against a person; or, second, committing or attempting to commit a burglary in a dwelling."

Defendant contends that the instruction was erroneous, because Short was committing a burglary in his dwelling and, under ORS 161.219, he had an unlimited right to use deadly force. Defendant misconstrues the self-defense statutes.

■　　ORS 161.209[1] and ORS 161.219[2] refer to each other and must be read together. ORS 161.209 defines the circumstances under which physical force may be used and limits the amount of force that may be used, under any circumstances, to that "degree of force which the person reasonably believes to be necessary for the purpose." In other words, ORS 161.209 defines the so-called "necessity" requirement of Oregon's self-defense law. That requirement applies to all uses of physical force.

---

[1] ORS 161.209 provides:

"Except as provided in ORS 161.215 and 161.219, a person is justified in using physical force upon another person for self-defense or to defend a third person from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."

[2] ORS 161.219 provides:

"*Notwithstanding the provisions of ORS 161.209,* a person is not justified in using deadly physical force upon another person unless the person reasonably believes that the other person is:

"(1) Committing or attempting to commit a felony involving the use or threatened use of physical force against a person; or

"(2) Committing or attempting to commit a burglary in a dwelling; or

"(3) Using or about to use unlawfully deadly physical force against a person." (Emphasis supplied.)

ORS 161.219 begins with the phrase, "Notwithstanding the provisions of ORS 161.209, a person is not justified in using deadly physical force upon another person unless * * *." That phrase explains that, although ORS 161.209 authorizes the use of physical force in certain circumstances, deadly force is never reasonable, in the absence of any of the additional threatening circumstances described in ORS 161.219. Nothing in the language of ORS 161.219 eliminates the general "necessity" requirement defined in ORS 161.209. Therefore, even when one or more of the threatening circumstances described in ORS 161.219 is present, the use of deadly force is justified *only* if it does not exceed the "degree of force which the person reasonably believes to be necessary" in the circumstances. *See State v. Wright*, 310 Or 430, 435, 799 P2d 642 (1990); *Commentary to Proposed Criminal Code* 23, § 23 (1970).

The legislature has not created an unlimited right to use deadly force against a burglar. The court properly instructed the jury on self-defense.

Affirmed.