Argued and submitted April 30, 1992; resubmitted In Banc January 6, affirmed
April 21, reconsideration denied June 16, petition for review denied July 27, 1993
(317 Or 272)

# STATE OF OREGON,
*Respondent,*

*v.*

# PATRICK BENJAMIN McCAULEY,
*Appellant.*

## (9101-30399; CA A69300)

851 P2d 608

Sally L. Avera, Public Defender, argued the cause and filed the brief for appellant.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

EDMONDS, J.

Durham, J., dissenting.

## EDMONDS, J.

■ ■ Defendant appeals from his conviction for second degree escape. ORS 162.155(1)(b). He assigns as error the failure of the trial court to grant his motion for judgment of acquittal based on insufficiency of evidence. We affirm.

Our standard of review is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989). Defendant argues that the evidence was insufficient to convict him because he was not expressly remanded to custody by the trial court after being found guilty of murder.

Defendant's argument is based on these facts: During the trial, defendant had been in custody as a result of a pretrial hearing when his bail was set at $100,000. After the jury announced its verdict of guilty of murder against defendant, the court received the verdict and the jury was dismissed by the trial judge. The court engaged in a short colloquy with counsel regarding sentencing and both counsel and the judge left the courtroom, leaving the defendant seated there. As the officer responsible for transporting defendant to and from the courthouse jail approached him in order to handcuff him and return him to the jail, defendant jumped the railing separating the courtroom spectators from the counsel tables, and ran out the courtroom door. He was apprehended two days later.

ORS 162.155 provides, in part:

"(1)   A person commits the crime of escape in the second degree if:

"* * * * *

"(b)   Having been convicted or found guilty of a felony, the person escapes from custody imposed as a result thereof[.]"

ORS 136.495 provides, in part:

"If a general verdict against the defendant is given, the defendant shall be remanded, if in custody * * *."

■ Defendant's argument that he was not in custody as a "result of the jury verdict" within the meaning of ORS

162.155(1)(b) is specious. Had the jury returned a "not guilty" verdict which was received by the court, defendant's custodial status would have automatically terminated unless there were custody orders regarding other cases pending. ORS 136.490. Under ORS 136.495, when the jury returned a "guilty" verdict and the court received that verdict, defendant's custody status was the result of the jury's verdict, whether the trial court expressly said so or not. The requirement that the custody be "imposed as the result" of the guilty verdict occurred as a matter of law. ORS 162.155(1)(b) does not require the trial court to do a redundant act by expressly remanding a defendant to custody when he is already in custody.[1] Accordingly, the requirements of ORS 162.155 (1)(b) were met.

Defendant and the dissent rely upon *State v. Palaia*, 289 Or 463, 614 P2d 1120 (1980), as authority for a contrary result. Their reliance is misplaced. In *Palaia*, the defendant had been convicted of robbery in the first degree and was serving time in the Oregon State Penitentiary. He was transported to the Marion County Courthouse for a court appearance. After the appearance he absconded from custody while waiting to get into a van that was to transport him back to the penitentiary. He argued that he could not be found guilty under ORS 162.155(1)(b) because the court order pursuant to which he was in custody "did not state that such custody was the result of a prior felony conviction."

The court examined the underlying legislative history of ORS 162.155(1)(b) and noted that the legislature did not intend the statute to apply to circumstances where a defendant escaped while charged with but not convicted of a felony, or to a person who had previously been convicted of a felony but had been released from custody on that conviction. The court said:

> "We construe the phrase 'as a result thereof,' as used in ORS 162.155(1)(b), *to apply to the numerous situations in which a felon is in actual or constructive restraint of a peace officer and not within a correctional facility (a) following a finding of guilt and an order remanding defendant to the*

---

[1] Such an act would not be redundant when a defendant is not in custody at the time the jury returns its verdict. ORS 136.495.

*custody of a law enforcement person or agency*, or (b) following commitment of defendant by court order to a correctional facility after a judgment of conviction. This case falls within (b)." 289 Or at 468. (Emphasis supplied.)

As the Supreme Court said, it was the legislature's intention that the statute apply to the numerous situations in which a felon is in actual or constructive restraint of a peace officer and not within a correctional facility following a finding of guilty and an order remanding defendant to the custody of a law enforcement person or agency.

Here, defendant was in custody at the time the jury returned its verdict. When the court received that verdict, defendant's custody status was as a result of the jury having found him guilty regardless of whether the trial court expressly remanded him. Even if *Palaia* requires some additional act by the trial court when a defendant is in custody before the jury returns, that requirement is satisfied when the trial judge receives the verdict and leaves the bench without modifying defendant's custodial status. Under these facts, the requirements of ORS 162.155(1)(b), that custody be imposed as a result of having been found guilty of a felony, were satisfied.

Affirmed.

**DURHAM, J.,** dissenting.

I dissent. There is no doubt that defendant committed a crime when he escaped. The question is whether he committed escape in the second degree. Because an essential element of that crime was not proven, the court erred in denying the motion for judgment of acquittal.

ORS 162.155 provides, in part:

"(1)   A person commits the crime of escape in the second degree if:

"* * * * *

"(b)   Having been convicted or found guilty of a felony, the person escapes from custody imposed as a result thereof;
* * * "

ORS 136.495 provides, in part:

> "If a general verdict against the defendant is given, the defendant shall be remanded, if in custody * * *."

ORS 162.135(4) defines "custody" to mean restraint "pursuant to an arrest or court order."

Many weeks before trial, the court ordered defendant into custody. He remained in that custody through the trial. Defendant was found guilty of a felony. At that point, he escaped from the courtroom. The question is whether he was in "custody imposed as a result" of the jury's verdict when he ran away. *See State v. McVay*, 313 Or 292, 294, 833 P2d 297 (1992) (court must determine defendant's custody status "when he pulled away and ran.").

Defendant is guilty of escape in the third degree if he escapes from custody. ORS 162.145; *State v. McVay, supra.* Escape in the second degree, ORS 162.155(1)(b), requires that he escape from custody *imposed* by the court as *a result of* a finding of guilty of a felony. Custody is "imposed" when the court orders restraint. ORS 162.135(4). The statutory phrase "as a result" means that the court must make the custody order as a consequence of the finding of guilty. Custody ordered before trial is not imposed as a result of the verdict at the end of trial. Here, the court had made no order imposing custody as a result of the verdict at the time defendant ran away.

The majority's error stems from its mistaken premise that custody can be imposed by operation of law. That ignores ORS 162.135(4), which presupposes that custody is created by an action, either in the form of an arrest or a court order, that imposes restraint. ORS 162.155(1)(b) does not punish escaping after a finding of guilty. It is the court's order, made as a result of the jury's finding, that alters defendant's status and gives him notice of the change. The legislature chose to impose a greater sanction on a defendant who escapes after receiving that notice. The majority rewrites the statute by eliminating the requirement that the court make a custody order as a result of the jury's finding.

*State v. Palaia*, 289 Or 463, 468, 614 P2d 1120 (1980), construed the phrase "as a result thereof" in ORS 162.155(1)(b) to refer to restraint "following a finding of guilt

*and* an order remanding defendant to the custody of a law enforcement person or agency * * *." (Emphasis supplied.) The court's statement contradicts the majority's holding that the statute punishes escaping after a finding of guilty without a court order remanding defendant to custody.

The majority suggests that even if a court action is required, that was satisfied when the court received the verdict and left the bench without modifying defendant's custodial status. I fail to see how those actions are tantamount to a court order imposing custody as a consequence of the verdict. The majority has simply erased the phrase "imposed as a result thereof" from the statute. We are forbidden to omit language from a statute under the guise of interpreting it. ORS 174.010.

I dissent.