492 June 26, 2024 No. 441

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. G. H.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

K. G. H.,
*Appellant.*

Washington County Circuit Court
21JU05047; A179837

Thomas A. Goldman, Judge.

Argued and submitted April 22, 2024.

Ginger Fitch argued the cause for appellant. Also on the brief was Youth Rights & Justice.

Brad Mullen, Certified Law Student, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Jurisdictional judgment reversed and remanded for entry of a judgment reflecting adjudication for one count of first-degree assault and one count unlawful use of a weapon.

**EGAN, J.**

In this juvenile delinquency case, youth challenges the juvenile court's judgment finding him to be within that court's jurisdiction for acts that, if committed by an adult, would constitute assault in the first degree, ORS 163.185 (Count 1); assault in the second degree, ORS 163.175 (Counts 2 and 3); and unlawful use of a weapon, ORS 166.220 (Count 4). In youth's first assignment of error, he argues that the juvenile court erred in adjudicating him on the merits, because the state did not disprove that youth acted in self-defense and defense of others. In his second assignment of error, youth argues that the trial court plainly erred when it failed to merge all of the adjudications into one adjudication of first-degree assault. For the reasons that follow, we reverse and remand the judgment for the trial court to merge the adjudications of second-degree assault and first-degree assault and for a new dispositional judgment, but otherwise, we affirm.

*Youth's First Assignment of Error.* Youth argues that the evidence was insufficient to disprove that he acted in self-defense and defense of others, because the evidence showed that youth used an amount of force that he reasonably believed was necessary. *See* ORS 161.209 ("[A] person is justified in using physical force upon another person for self-defense or to defend a third person from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."). For this assignment of error, the only issue is whether the trial court had sufficient evidence to find that youth used a degree of force that exceeded that which he reasonably believed was necessary for the purpose of defending himself or another.

We review youth's challenge to the legal sufficiency of the evidence "to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. J. C. L.*, 261 Or App 692, 700, 325 P3d 740 (2014) (citation omitted). Youth, aged 15, stabbed J, aged 18, during a fight between E and S, two boys

from his school. Before the fight, youth saw E give a knife to J. During the fight, S eventually ended up on top of E on the ground; S said that youth had a gun and asked E whether he was "ready to die." J approached the fight and kicked S in the head three times with heavy force. Youth stepped forward with a knife in his left hand, stepped between J and the two boys on the ground, and yelled at J to "back the fuck up." J pushed youth back, which made space between them. Then, J pushed youth again, during which youth stabbed J in the abdomen, lacerating J's liver. J was not holding E's knife during the fight or when youth stabbed her. Based on that evidence, the juvenile court found that "the level of force used by youth far exceeded what is reasonable based on the circumstances," because youth met J with "greater force with a knife to the abdomen" after J pushed him. Thus, the court concluded that the state disproved youth's self-defense and defense-of-others claims beyond a reasonable doubt.

Viewing the evidence in the light most favorable to the state, the juvenile court had sufficient evidence to determine that youth did not use a degree of force that youth reasonably believed to be necessary to defend himself or another—*i.e.*, that stabbing J was not a reasonable degree of force to defend himself or his friend, S. *See State v. Wright*, 310 Or 430, 436, 799 P2d 642 (1990) ("It is essential that the [self-defense] must not be excessive or disproportionate to the force involved in the attack upon the defendant[.]" (Quoting *State v. Rader*, 94 Or 432, 458, 186 P 79 (1919)). Because J stopped kicking S in the head after youth's initial contact with her, and because J was not holding a knife at the time youth stabbed her, sufficient evidence existed for the trier of fact to find that youth was not reasonable in his belief that stabbing J would be necessary to defend S or himself from J's unlawful use of force.

Therefore, the state presented sufficient evidence to disprove youth's defense of others defense beyond a reasonable doubt, and we affirm the trial court's judgment finding him to be within the court's jurisdiction.

*Youth's Second Assignment of Error.* Youth contends that the trial court erred in failing to merge his adjudications for second-degree assault (Counts 2 and 3) and unlawful use of a weapon (Count 4) with first-degree assault

(Count 1). Youth did not preserve that argument below, but he asserts that the error is plain and that we should exercise our discretion to correct it. ORAP 5.45(1). The state concedes that the trial court plainly erred in failing to merge the assault adjudications, but it argues that the unlawful use of a weapon adjudication does not merge with first-degree assault, because youth was adjudicated on a theory that he unlawfully carried or possessed a knife, which is not an element of first-degree assault.

We agree with the state. Although the court plainly erred in failing to merge youth's assault adjudications, and we exercise our discretion to correct that error, *See State v. Sanders*, 185 Or App 125, 130 n 1, 57 P3d 963 (2002) ("[T]he first-degree assault statute contains every element contained in [the] second-degree assault statute."); *see also State v. Camacho-Alvarez*, 225 Or App 215, 217, 200 P3d 613 (2009) (exercising discretion to review and correct a merger error because "the state has no interest in our refusal to do so[,] *** the burden on the judicial system in amending its judgment and resentencing the defendant is minimal[,] *** [and] the ends of justice are served by convicting and sentencing defendant according to the law"), we determine that the trial court did not err in failing to merge the first-degree assault and unlawful use of a weapon adjudications. The state's petition alleged that youth "did unlawfully *carry and possess* with intent to use unlawfully against another person a dangerous weapon." (Emphasis added.) That charge includes an element that is not included in first-degree assault. *See State v. Alvarez*, 240 Or App 167, 171-74, 246 P3d 26 (2010), *rev den*, 350 Or 408 (2011) ("However, when a statute contains alternative forms of a single crime (as, for example, unlawful use of a weapon, which can be committed either by (1) carrying or possessing a dangerous weapon or by (2) attempting to use one), we will look to the indictment to determine which form is charged, and we use the elements of the charged version in the merger analysis."). Therefore, the trial court did not plainly err in failing to merge those adjudications.

Jurisdictional judgment reversed and remanded for entry of a judgment reflecting adjudication for one count of first-degree assault and one count unlawful use of a weapon.